UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 16-179

PHILIP BAKER, JR.                           SECTION M (3)

**ORDER & REASONS**

Before the Court is the motion of defendant Philip Baker, Jr. for compassionate release.[1] The government opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion on the basis of Baker's failure to exhaust the administrative remedies available to him.

**I.   BACKGROUND**

On July 12, 2017, Baker pleaded guilty to count 4 of the indictment filed against him: conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.[3] On November 1, 2017, he was sentenced to serve 100 months, with credit for time served since June 5, 2016, in the custody of the Bureau of Prisons (the "BOP"), and four years of supervised release.[4] Baker is presently incarcerated at the Federal Medical Center in Butler, North Carolina.[5] His projected release date is January 30, 2024.[6]

---

[1] R. Doc. 143.
[2] R. Doc. 145.
[3] R. Docs. 1; 64.
[4] R. Doc. 88. The sentence was imposed before the case was reassigned to this section of court upon the confirmation of the undersigned. R. Doc. 122.
[5] Inmate Locator, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited November 15, 2021).
[6] *Id.*

Approximately one year ago, Baker moved for compassionate release or, in the alternative, a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) due to his contracting COVID-19 and his medical conditions.[7] This Court denied the motion, finding that although Baker had exhausted administrative remedies before filing the motion, he did not demonstrate extraordinary and compelling reasons for release or a reduction in sentence.[8]

## II.   PENDING MOTION

Baker, *pro se*, now moves the Court to consider his second request for compassionate release.[9] The Court should grant his request, he says, because of the hardships he and his family face.[10] For example, Baker alleges that his mother is sick, likely will not survive the remainder of his sentence, and needs his help raising Baker's two grandchildren and repairing her damaged house.[11] He alleges that his daughter, suffering from a heart condition, is not receiving proper medical care and needs his assistance.[12] And finally, Baker alleges that his numerous health issues put him at risk of contracting COVID-19 again.[13]

In opposition, the government requests that the motion be dismissed for Baker's failure to exhaust administrative remedies or, in the alternative, his failure to demonstrate extraordinary and compelling reasons for his release.[14]

## III.   LAW & ANALYSIS

"Compassionate release is one of a few exceptions to the general rule that 'courts may not modify a term of imprisonment once it has been imposed.'" *Ward v. United States*, 11 F.4th 354,

---

[7] R. Doc. 130 at 1, 7.
[8] R. Doc. 142 at 8, 10-11.
[9] R. Doc. 143 at 1.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] R. Doc. 145 at 1, 3-6.

359 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)) (alteration omitted). Since the passage of the First Step Act, either the director of the BOP or a prisoner may file a compassionate-release motion; however, the prisoner must exhaust all administrative remedies prior to filing such a motion with the court. *Id.* (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018)). "The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Powell*, 834 F. App'x 940, 941 (5th Cir. 2021) (citing *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020); *United States v. Taylor*, 855 F. App'x 975, 975 (5th Cir. 2021).[15]

There are two ways for a prisoner to exhaust administrative remedies. *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021). "Both begin with 'requesting that the BOP bring a motion on the defendant's behalf.'" *Id.* (quoting *Franco*, 973 F.3d at 467) (alteration omitted). Once the request to the BOP is filed, a prisoner may bring his motion in the district court after either (1) he has "exhausted all administrative rights to appeal," 18 U.S.C. § 3582(c)(1)(A), which occurs after the prisoner receives an adverse response from the BOP and seeks further administrative review; or (2) "30 days from the receipt of such a request by the warden of the defendant's facility" have elapsed, *id.*, which occurs regardless of whether the BOP has ruled on the request. *Garrett*, 15 F.4th at 338. The first of either of these events to occur triggers the prisoner's right to file his motion in the district court. *Id.*

A prisoner must demonstrate that he has exhausted his administrative remedies. *United States v. Castro*, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020), *reconsideration denied*, 2020

---

[15] *See also United States v. Youngblood*, 2021 WL 5237280, at *1 (5th Cir. Nov. 10, 2021) (explaining that a district court necessarily has jurisdiction to consider 18 U.S.C. § 3582 motions because (1) § 3582 motions are similar to postconviction motions filed under 28 U.S.C. § 2255 in that they are filed in the same docket as the prisoner's criminal judgment; and (2) despite Congress' enumerated limitations on a court's ability to modify a sentence, "not all legal limits are jurisdictional ones") (quoting *United States v. Shkambi*, 993 F.3d 388, 389-90 (5th Cir. 2021)).

3

WL 5209305 (E.D. La. Sept. 1, 2020). Once exhaustion has been demonstrated, a prisoner is eligible for a sentence reduction if the district court finds that (1) one of the two conditions imposed in § 3582(c)(1)(A)(i)-(ii) is met (*i.e.*, either "extraordinary and compelling reasons warrant such a reduction" or "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)"); and (2) "'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Ward*, 11 F.4th at 359-60 (quoting § 3582(c)(1)(A)); *see United States v. Murray*, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020) (explaining that the defendant bears the burden of demonstrating that (1) he has exhausted administrative remedies; (2) extraordinary and compelling reasons warranting release exist; and (3) he does not pose a danger to the safety of any other person or society) (citing *United States v. Davis*, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020)). If a court makes the two findings required by § 3582(c)(1)(A), "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable.'" *Ward*, 11 F.4th at 360 (citing § 3582(c)(1)(A)) (alteration in original); *see also Shkambi*, 993 F.3d at 392 (5th Cir. 2021) (noting that a prisoner "still must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors").

Here, Baker has not shown that he has exhausted the administrative remedies available to him. *See Castro*, 2020 WL 3076667, at *2; *Murray*, 2020 WL 4000858, at *2 (stating that defendant bears the burden of proving exhaustion of administrative remedies). In fact, Baker fails to provide any information from which the Court can discern that he even began the administrative

process (that is, by filing a request that the BOP bring a compassionate-release motion on his behalf), let alone exhausted it.[16] *See Garrett*, 15 F.4th at 338. The government maintains that there is no evidence that Baker made such a request in 2021.[17] It asserts that that "the only request Baker filed with documents was the request that precipitated his previous motion [for compassionate release] in June 2020,"[18] which the Court denied.[19] No other request or related documents have been filed since then.[20] Absent a showing of a request, the Court cannot conclude that Baker has exhausted his administrative remedies or determine if he is entitled to compassionate release. Baker's failure to meet the pre-filing administrative exhaustion requirement proves fatal to his motion.[21] *Powell*, 834 F. App'x at 941. Therefore, it must be denied.

IV.  **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Baker's motion for compassionate release (R. Doc. 143) is DENIED.

New Orleans, Louisiana, this 17th day of November, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[16] *See* R. Doc. 143 (failing to include any mention of administrative exhaustion).
[17] R. Doc. 145 at 3.
[18] *Id.*
[19] R. Doc. 142.
[20] R. Doc. 145 at 3.
[21] Regardless, for the reasons stated in denying Baker's prior motion, R. Doc. 142 at 5-14, he does not demonstrate extraordinary and compelling reasons as would support compassionate release now.